UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

HEATHER AND DELTA BROWN,
individuals,

    Plaintiffs,

v.

FLAGSTAR BANCORP, INC;
d/b/a FLAGSTAR BANK, FSB,
a national bank,

    Defendant.
_____/

Case No.: 8:13CV 2596 33TBM

## COMPLAINT

**COME NOW**, Plaintiffs, HEATHER AND DELTA BROWN (hereinafter, "Plaintiffs"), by and through the undersigned counsel, and sue Defendant, FLAGSTAR BANCORP, INC., d/b/a FLAGSTAR BANK, FSB (hereinafter, "Defendant"), and allege:

### PRELIMINARY STATEMENT

This is an action for damages for violations of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (hereinafter, the "FCCPA") and the Telephone Consumer Protection Act, 47 U.S.C. Section 227 (hereinafter, the "TCPA").

### JURISDICTION, VENUE & PARTIES

1. Jurisdiction of this court arises under 28 U.S.C. Section 1337, and supplemental jurisdiction exists for the FCCPA claims pursuant to 28 U.S.C. Section 1367. Declaratory and injunctive relief is available pursuant to 28 U.S.C. Sections 2201 and 2202.

2. Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

3. Plaintiffs are HEATHER and DELTA BROWN, individuals residing in Pinellas

County, Florida.

4. Defendant is FLAGSTAR BANCORP, INC., a national bank that, itself and through its subsidiaries, regularly extends home loans to, and collects from, consumers in Pinellas County, Florida.

5. At all times herein, Defendant engaged in its usual and customary business within Pinellas County, Florida.

## GENERAL ALLEGATIONS

6. At all material times, the Defendant was a "creditor" as defined by Florida Statutes, Section 559.55(3).

7. Defendant places interstate telephone calls while engaging in business which includes the collection of debts.

8. At all times herein, Defendant attempts to collect a debt, specifically a home mortgage loan maintained and collected by Defendant (hereinafter, "the Debt").

9. At all material times, the Debt was consumer debt, incurred primarily for personal, household or family use.

10. At all material times, the Defendant's conduct, with regard to the Debt complained of below, qualifies as "communication" as defined by Florida Statutes, Section 559.55(5).

11. At all material times, the Defendant was a "person" subject to Florida Statutes, Section 559.72. *See* Florida Statutes, Section 559.55(3); *Schauer v. General Motors Acceptance Corp.*, 819 So. 2d 809 (Fla. 4th DCA 2002).

12. At all material times, the Defendant acted itself or through its agents, employees, third-party vendors, officers, members, directors, successors, assigns, principals, trustees,

sureties, subrogees, representatives, third-party vendors, and insurers.

13. All necessary conditions precedent to the filing of this action occurred or have been waived by the Defendant.

## FACTUAL ALLEGATIONS

14. Defendant's telephone calls, as more specifically alleged below, were made to Plaintiffs' cellular telephone number 727.580.8585 (hereinafter, "cellular phone") using an automatic telephone dialing system or an artificial or pre-recorded voice and were made in willful and knowing violation of the TCPA.

15. Defendant's telephone calls, as more specifically alleged below, were not made for "emergency purposes" as defined by 47 C.F.R. Section 64.1200.

16. Plaintiffs are the owners, regular users, and possessors of a cellular telephone, with the assigned number 727.580.8585.

17. On or before December 21, 2012, Defendant filed a mortgage foreclosure lawsuit against Plaintiffs in the Circuit Court of the Sixth Judicial Circuit, Pinellas County, referenced by case number 12-14445-CI-13 (hereinafter, "Mortgage Foreclosure Case").

18. Plaintiffs retained Leavengood, Nash, Dauval & Boyle, P.A. (hereinafter, "Undersigned Counsel") on December 21, 2012 to defend Plaintiffs in the Mortgage Foreclosure Case, which included both an action on the note (i.e., the Debt) and an action to foreclose the property that was collateral for the Debt.

19. On or about December 21, 2012, Undersigned Counsel filed a notice of appearance, on behalf of Plaintiffs, for the Mortgage Foreclosure Case. This notice of appearance—which included notice of representation regarding the Debt—was sent to Defendant, via Defendant's counsel, and notified Defendant of Undersigned Counsel's

representation of Plaintiffs with regard to the Debt. Please see attached a true and correct copy of said notice of appearance labeled as Exhibit "A1-A2."

20. On or about December 21, 2012, Undersigned Counsel, on behalf of Plaintiffs, filed an answer and affirmative defenses to the Mortgage Foreclosure Case. This answer and affirmative Defenses was sent to Defendant, via Defendant's counsel, and further informed Defendant of Undersigned Counsel's representation of Plaintiffs with regard to the Debt. Please see attached a true and correct copy of said Answer and Affirmative Defenses labeled as Exhibit "B1-B3."

21. From February 20, 2013 to February 26, 2013, despite having actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt, and possessing Undersigned Counsel's contact information, Defendant contacted Plaintiffs in an attempt to collect the Debt using an automatic telephone dialing system or pre-recorded voice to call Plaintiffs' cellular telephone without Plaintiffs' prior consent. Defendant continued to call Plaintiffs' cellular telephone three to five times a day in an attempt to collect the Debt.

22. On or about February 26, 2013, in response to and as a result of Defendant's Debt collection calls, Undersigned Counsel faxed a verification of representation to Defendant reiterating Undersigned Counsel's representation of Plaintiffs with regard to the Debt and Mortgage Foreclosure Case, again provided Defendant with Undersigned Counsel's contact information, and alerted Defendant that all further communication should be directed to Undersigned Counsel.

23. From February 27, 2013 to March 11, 2013, despite having actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt and possessing Undersigned Counsel's contact information, Defendant contacted Plaintiffs using an automatic

telephone dialing system or pre-recorded voice to call Plaintiffs' cellular telephone service without Plaintiffs' prior consent. Defendant continued to call Plaintiffs' cellular telephone at least once a day in an attempt to collect the Debt.

24. On or about March 19, 2013, Undersigned Counsel faxed another notice of representation to Defendant reiterating Undersigned Counsel's representation of Plaintiffs with regard to the Debt and Mortgage Foreclosure Case, again provided Defendant with Undersigned Counsel's contact information, and again alerted Defendant that all further communication should be directed to Undersigned Counsel. Please see attached a true and correct copy of said fax of representation labeled as Exhibit "C1-C2."

25. On or about March 20, 2013, despite having actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt and Mortgage Foreclosure Case, and having Undersigned Counsel's contact information, Defendant contacted Plaintiffs in an attempt to collect the Debt using an automatic telephone dialing system or pre-recorded voice to call Plaintiffs' cellular telephone without Plaintiffs' prior consent, in an attempt to collect the Debt.

26. Each of the collection calls was made to Plaintiffs' cellular telephone.

27. At all times herein, Defendant had actual knowledge of Undersigned Counsel's representation of Plaintiffs regarding the Debt and Undersigned Counsel's contact information.

28. At all times herein, Defendant did not have Plaintiffs' prior express consent to use an automatic telephone dialing system or artificial or pre-recorded voice when calling Plaintiffs' cellular telephone.

29. To the extent Defendant did have Plaintiffs prior express consent to call Plaintiffs' cellular telephone using an automatic telephone dialing system or predictive telephone dialing

system, such consent was revoked when Defendant received Undersigned Counsel's notification of representation of Plaintiffs with regard to the Debt.

30. Each of the collection calls were knowingly and willfully made for the following purposes:

    a. Asserting and alleging that Plaintiffs owed the Debt;

    b. Attempting to collect the Debt from the Plaintiffs;

    c. Harassing or abusing the Plaintiffs.

31. Plaintiffs have retained Undersigned Counsel for the purpose of pursuing this matter against Defendant and are obligated to pay their attorneys a reasonable fee for their services.

32. Florida Statutes, Section 559.77 provides for the award of up to $1,000.00 statutory damages, actual damages, punitive damages, and an award of attorneys' fees and costs to the Plaintiffs should the Plaintiffs prevail in this matter against the Defendant.

33. United States Code Title 47 Section 227(b)(3) provides for the award of $500.00 or actual damages, whichever is greater, for each telephone call made using any automatic telephone dialing system or an artificial or pre-recorded voice to Plaintiffs' cellular telephone in violation of the TCPA or the regulations proscribed thereunder.

34. Additionally, the TCPA, Section 227(b)(3) allows the trial court to increase the damages up to three times, or $1,500.00, for each telephone call made using any automatic telephone dialing system or an artificial or prerecorded voice to Plaintiffs' cellular phone in willful or knowing violation of the TCPA for the regulations proscribed thereunder.

35. At all times herein, Defendant had knowledge of the TCPA and its terms and prohibitions as Defendant has previously been sued for violations of the TCPA.

36. At all times herein, it would have been possible for Defendant to avoid violating the TCPA.

37. Plaintiffs have not been able, due to both professional and personal commitments, as well as the continued and increasing stress associated with the continued barrage of Debt collection calls, to record the specifics (as done above) on each and every call Defendant made to Plaintiffs. Plaintiffs assert, however, that the above-referenced calls are but a sub-set of the calls made in violation of the FCCPA and TCPA. Further, Defendant is in the best position to determine and ascertain the number and methodology of calls made to Plaintiffs.

38. As a direct result of Defendant's actions, the Plaintiffs have suffered severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep, believing that hiring an attorney for representation with regard to the debt was wholly ineffective, the Plaintiffs' dispute of the Debt was wholly ineffective, and that the frequent, repeated debt collection attempts would simply have to be endured.

39. Further, Plaintiffs have suffered loss of use of their cellular phone, minutes under their respective service plan, and a diminution in cellular telephone storage capacity and value as a direct result of the Defendant's continued, automatically dialed telephone calls.

40. As of this date of this complaint, no final judgment regarding the Debt has been obtained by, or transferred to, Defendant.

### COUNT ONE:
### UNFAIR DEBT COLLECTION PRACTICE –
### VIOLATION OF FLORIDA STATUTES SECTION 559.72(7)

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

41. Defendant is subject to, and has violated provisions of, Florida Statutes, Section 559.72(7) by collecting consumer Debt from Plaintiffs through means which can reasonably be expected to abuse or harass Plaintiffs.

42. Specifically, Defendant called Plaintiffs continuously for over a month, often multiple times per day, in an attempt to collect the Debt, despite having actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt and possessing Undersigned Counsel's contact information. Further, Defendant placed these calls using an invasive, mindless technology, that repeatedly invaded Plaintiffs technology.

43. Additionally, Plaintiffs attempted several times to further advise Defendant of representation of Counsel, yet Defendant continued to call using an automatic telephone dialing system in attempts to collect the Debt.

44. Defendant's willful and flagrant violation of, *inter alia*, the Florida Consumer Collections Practices Act as a means to collect a Debt, constitutes unlawful conduct and harassment as is contemplated under Florida Statutes, Section 559.72(7).

45. As a direct and proximate result of Defendant's actions, Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

### COUNTS TWO THROUGH THIRTY-ONE: UNFAIR DEBT COLLECTION PRACTICE – VIOLATION OF FLORIDA STATUTE § 559.72(18)

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

46.     Defendant is subject to, and has violated provisions of, Florida Statute, Section 559.72(18) by intentionally communicating with Plaintiffs after being given actual notice that Plaintiffs were represented by counsel with regard to the underlying Debt, and being given counsel's contact information.

47.     Specifically, despite having actual knowledge of Undersigned Counsel's representation of Plaintiffs with regard to the Debt and possessing Undersigned Counsel's contact information, Defendant continued to call Plaintiffs at least thirty (30) times in an attempt to collect the Debt.

48.     Furthermore, Undersigned Counsel attempted to mitigate loss and end the harassment, further notifying Defendant on multiple occasions of their representation of Plaintiffs with regard to the Debt and that all further communication must be exclusively directed towards Undersigned Counsel.

49.     Still, Defendant blatantly ignored Undersigned Counsel's notices and verifications of representation and requests for Defendant to cease communication with Plaintiffs and continued to intentionally and repeatedly call Plaintiffs in an attempt to collect the Debt.

50.     As a direct and proximate result of Defendant's actions, the Plaintiffs have sustained damages as defined by Florida Statutes, Section 559.77.

**WHEREFORE,** the Plaintiffs request this Court enter a judgment against Defendant for $1,000.00 statutory damages, actual damages, punitive damages, costs, attorneys' fees and such other equitable relief this Court deems appropriate.

## COUNT THIRTY-TWO:
### TELEPHONE COMMUNICATIONS PROTECTION ACT- VIOLATION OF 47 U.S.C. 227(b)(1)(A)

Plaintiffs re-allege paragraphs one (1) through forty (40) as if fully restated herein and further states as follows:

51. Defendant is subject to, and has violated the provisions of, 47 U.S.C. 227 (b)(1)(A) by using an automatic telephone dialing system or an artificial or pre-recorded voice to call a telephone number assigned to a cellular telephone service without Plaintiffs' prior express consent.

52. The conduct of the Defendant, complained of herein, is the result of a repeated willful and knowing violation of the TCPA.

53. Specifically, Defendant called Plaintiffs' cellular telephone using an automatic dialing system or prerecorded voice on at least thirty (30) different occasions.

54. Each of the Defendant's automatically-dialed Debt collection calls to Plaintiffs' cellular telephone were made after Undersigned Counsel had filed a notice of appearance, answer and affirmative defenses, and after Undersigned Counsel further attempted to mitigate damage by additionally advising Defendant of Undersigned Counsel's representation; some such calls were made to Plaintiffs after Defendant had actually *verified* representation of Undersigned Counsel's office.

55. As a direct and proximate result of the Defendant's conduct, the Plaintiffs have suffered:

   a. The periodic loss of their cellular phone service; and cellular telephone data storage capacity.

   b. Lost material costs associated with the use of peak time cellular phone minutes allotted under his cellular phone service contract.

c. The expenditure of costs and attorney's fees associated with the prosecution of this matter, along with other damages which have been lost;

d. Stress, anxiety, loss of sleep, and deterioration of relationships, both personal and professional, as a result of the repeated willful and knowing calls placed in violation of the TCPA; and

e. Statutory damages.

**WHEREFORE**, Plaintiffs request this Court enter a judgment against Defendant for $500.00 statutory damages per violation of the TCPA, treble statutory damages per knowing and willful violation of the TCPA, costs, interest, including but limited to those awardable pursuant to the TCPA, and such other equitable relief this Court deems appropriate.

### SPOLIATION NOTICE AND DEMAND TO RETAIN EVIDENCE

55. Plaintffs hereby give notice to Defendant and demands that Defendant and its affiliates safeguard all relevant evidence—paper or electronic documents or data—pertaining to this potential litigation as required by law.

### DEMAND FOR JURY TRIAL

56. Plaintiffs hereby demand a trial by jury on all issues triable by right.

Respectfully Submitted,

LEAVENGOOD & NASH

_____
☐ Ian R. Leavengood, Esq., FBN 10167
[X] Aaron M. Swift, Esq., FBN 93088
3900 First Street North, Suite 100
St. Petersburg, FL 33703
Phone: (727) 327-3328
Fax: (727) 327-3305
*Attorneys for Plaintiffs*

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

Plaintiff HEATHER BROWN, having first been duly sworn and upon oath, deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

6. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
HEATHER BROWN

Subscribed and sworn to before me
this  1  day of  10  , 2013.

_____
Notary Public

Proof of I.D.: known to me

My Commission Expires:

7/22/17



HEATHER C LASSETER
Notary Public - State of Florida
My Comm. Expires Jul 22, 2017
Commission # FF 38461

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF FLORIDA )
)
COUNTY OF PINELLAS )

Plaintiff DELTA BROWN, having first been duly sworn and upon oath, deposes and says as follows:

8. I am a Plaintiff in this civil proceeding.

9. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

10. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

11. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

12. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

13. Each and every exhibit which has been attached to this Complaint, if any, is a true and correct copy of the original.

14. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated any exhibits, except that some of the attached exhibits, if any, may contain some of my own handwritten notations.

_____
DELTA BROWN

Subscribed and sworn to before me
this __1__ day of __10__, 2013.

_____
Notary Public

My Commission Expires:    Proof of I.D.: Known to me

7/22/17

HEATHER C LASSETER
Notary Public - State of Florida
My Comm. Expires Jul 22, 2017
Commission # FF 38461