```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION

HEATHER BROWN and DELTA
BROWN,

        Plaintiffs,

v.                                Case No. 8:13-cv-2596-T-33TBM

FLAGSTAR BANCORP, INC.,

        Defendant.
_____/
```

**ORDER**

This matter comes before the Court in consideration of Defendant Flagstar Bancorp, Inc.'s Motion to Dismiss Counts One through Thirty-One of Plaintiffs' Complaint (Doc. # 12), filed on December 20, 2013. Plaintiffs Heather and Delta Brown filed a response in opposition to the Motion (Doc. # 17) on January 23, 2014. For the reasons that follow, the Motion is denied.

**I.  Background**

On October 8, 2013, Plaintiffs commenced this action seeking damages for alleged violations of the Florida Consumer Collection Practices Act (FCCPA), Chapter 559, Florida Statutes, and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. § 227. (Doc. # 1). Plaintiffs allege that Flagstar filed a mortgage foreclosure suit against them in

state court in December of 2012, and that Plaintiffs retained counsel in relation to those proceedings. (Id. at ¶¶ 17-18).

The Complaint further alleges that, despite having actual knowledge of Plaintiffs' representation with regard to the foreclosure proceedings, Flagstar called Plaintiffs' mobile phone repeatedly, without Plaintiffs' prior consent, in an attempt to collect the debt using an automatic telephone dialing system or pre-recorded voice. (Id. at ¶ 21). The Complaint additionally asserts that "each of the collection calls were knowingly and willfully made for the following purposes: (a) Asserting and alleging that Plaintiffs owed the debt; (b) Attempting to collect the debt from the Plaintiffs; (c) Harassing or abusing the Plaintiffs." (Id. at ¶ 30). Furthermore, Plaintiffs allege that the calls caused them "severe stress, anxiety, inconvenience, frustration, annoyance, fear, confusion and loss of sleep . . . ." (Id. at ¶ 38).

Plaintiffs present their claims as follows: (1) "Count One, Unfair Debt Collection Practice, Violation of Florida Statutes Section 559.72(7)"; (2) "Counts Two through Thirty-One, Unfair Debt Collection Practice, Violation of Florida Statute [Section] 559.72(18)"; and (3) "Count Thirty-Two,

2

Telephone Communications Protection Act, Violation of 47 U.S.C. 227(b)(1)(A)." (Id. at 7-9).[1]

## II. Legal Standard

In reviewing a motion to dismiss for failure to state a claim, a trial court accepts as true all factual allegations in the complaint and construes the facts in the light most favorable to the plaintiff. Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004). However, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

In Bell Atlantic Corp. v. Twombly, the Supreme Court articulated the standard by which claims should be evaluated on a motion to dismiss:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level.

---

[1] The Court is unclear as to why Plaintiffs have separated the estimated thirty phone calls into thirty separate counts for the purpose alleging violations of section 559.72(18). However, as Flagstar has not challenged the Complaint on this basis, the Court declines to address the organization of the Complaint herein.

3

550 U.S. 544, 555 (2007) (internal citations omitted).

In accordance with Twombly, Federal Rule of Civil Procedure 8(a) calls "for sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Twombly, 550 U.S. at 570). A plausible claim for relief must include "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

### III. Discussion

Flagstar argues that "[c]ounts one through thirty-one of Plaintiffs' Complaint should be dismissed . . . for failing to state a cause of action." (Doc. # 12 at 2). Although the Motion does not specify, the Court construes the Motion as a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

#### A. Count I: Fla. Stat. 559.72(7)

Section 559.72(7), Florida Statutes, provides that, in collecting consumer debts,

> no person shall . . . [w]illfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to abuse or harass the debtor or any member of her or his family.

Flagstar argues that, although Plaintiffs allege that Flagstar called more than "three to five times a day during a six day period," the Plaintiffs "[c]ritically . . . do not allege how many, if any, of the phone calls actually resulted in communication with the Plaintiffs." (Doc. # 12 at 3). Plaintiffs contend, however, that "unanswered calls are communications under the FCCPA." (Doc. # 17 at 5).

"The FCCPA defines 'communication' as 'the conveying of information regarding a debt directly or indirectly to any person through any medium.'" Bresko v. M&T Bank Corp., No. 8:13-cv-1243-T-30AEP, 2013 WL 5328241, at *2 (M.D. Fla. Sept. 23, 2013) (citing Fla. Stat. § 559.55(5)). To the extent Flagstar argues that Plaintiffs cannot state a claim under section 559.72(7), Florida Statutes, without alleging that they have answered Flagstar's phone calls, the Court is unpersuaded. As the court in Bresko recently explained,

> [t]he Court cannot determine which calls from [the defendant] "communicated" information about a debt at this stage in the litigation since it is a fact issue. See Cerrato v. Solomon & Solomon, 2012 WL 6621339, at *4-6 (D. Conn. Dec. 18, 2012) (unanswered calls constituted "communications" under the FDCPA where the debt collector's name and telephone number appeared on caller identification display); Dona v. Midland Credit Mgmt., Inc., No. 10-cv-825, 2011 WL 941204, at *1 (E.D.N.Y. Feb. 10, 2011) (stating that "[c]ommunications under the [FDCPA] include telephone calls and messages left on a consumer's answering machine.").

5

Bresko, 2013 WL 5328241, at *2.

Unlike the Plaintiffs in the present case, the plaintiff in Bresko had attached to the complaint a call log reflecting unanswered missed calls allegedly from the defendant. Id. at *1. Notwithstanding the absence of such a call log in the present case, the Court finds Bresko's rationale to apply equally here, as the Court accepts as true all factual allegations in the Complaint – including Plaintiffs' allegations that they received the relevant phone calls from Flagstar. Thus, in light of the broad definition of "communication" under the relevant statute, the Court finds that Plaintiffs' Complaint alleges sufficient factual matter to survive the present Motion to Dismiss.

The Court acknowledges Flagstar's argument that, in order to prevail on their claims, Plaintiffs must "show not only the frequency of the calls but also the purpose of the calls." (Doc. # 12 at 3). However, in support of its argument that allegations of phone calls occurring "multiple times a day" is not sufficient to state a claim under the relevant statute, Flagstar cites only to decisions employing the standard applicable at the summary judgment stage. To survive the present Motion to Dismiss, Plaintiffs need not prove any

element of their claims against Flagstar, but instead need only satisfy the meager pleading standard of Federal Rule of Civil Procedure 8(a), as described above.

Plaintiffs allege that Flagstar, the same creditor who filed a mortgage foreclosure suit against Plaintiffs in December of 2012, repeatedly made telephone calls to Plaintiffs' cellular phone subsequent to the commencement of those foreclosure proceedings "in an attempt to collect the Debt" related to the mortgage. (Doc. # 1 at ¶¶ 17, 21-26). Plaintiffs additionally claim that these phone calls "can reasonably be expected to abuse or harass Plaintiffs," (id. at ¶ 41), as the calls have allegedly caused Plaintiffs to suffer severe stress, anxiety, frustration, and inconvenience (id. at ¶ 38). The Court finds these allegations sufficient to state a claim to relief that is plausible on its face and to raise a right to relief above the speculative level, as is required at this juncture of the proceedings.

### B.   Counts II-XXXI: Fla. Stat. 559.72(18)

Section 559.72(18), Florida Statutes, provides that, in collecting consumer debts,

> no person shall . . . communicate with a debtor if the person knows that the debtor is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the debtor's

>           attorney fails to respond within 30 days to a
>           communication from the person, unless the debtor's
>           attorney consents to a direct communication with
>           the debtor, or unless the debtor initiates the
>           communication.

Flagstar's only basis for dismissing Counts II-XXXI is that Plaintiffs have failed "to allege that Defendant 'communicated' with [them] after [they] retained an attorney." (Doc. # 12 at 4). Thus, Flagstar's entire argument for dismissal rests on the proposition that "[a] 'communication' for the purposes of the FCCPA must involve the conveyance of information regarding the debt," and that, based on the facts alleged by Plaintiffs, there is no "communication" in this case. (Id.). However, as explained above, the Court determines that the extent of the information conveyed by Flagstar's unanswered phone calls is an issue of fact not appropriately resolved at the motion-to-dismiss stage. Accordingly, as the Court finds Plaintiffs' Complaint contains sufficient factual matter to state a claim to relief, the Court denies Flagstar's Motion to Dismiss. Any factual questions as to which calls from Flagstar, if any, "communicated" information about Plaintiffs' debt, as well as questions regarding the frequency and purpose of the calls, are proper for resolution at the summary judgment stage.

Accordingly, it is

**ORDERED**, **ADJUDGED**, and **DECREED**:

Defendant Flagstar Bancorp, Inc.'s Motion to Dismiss Counts One through Thirty-One of Plaintiffs' Complaint (Doc. # 12) is **DENIED**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>3rd</u> day of February, 2014.

VIRGINIA M. HERNANDEZ COVINGTON<br>
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record